UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

JIMMY CARRUTHERS and
NANCY CARRUTHERS,

       Debtors.

JIMMY CARRUTHERS and
NANCY CARRUTHERS,

       Plaintiffs,

  v.

COMPASS BANK,

       Defendant.

Case No. 00-04129
Chapter 7

Adv. Pro. No. 06-1182

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion to Dismiss filed by the Defendant Compass Bank. (Doc. 5). The parties have filed briefs, (Docs. 5, 9), and on November 14, 2006, this Court held a hearing on the motion. For the reasons set forth below, the Defendant's Motion to Dismiss is DENIED.

## I. BACKGROUND

The Plaintiffs Jimmy and Nancy Carruthers filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on August 7, 2000, which was later converted to Chapter 7. (Case No. 00-04129). The Plaintiffs were awarded their discharge on March 17, 2003. (Docs. 55, 56). The Plaintiffs allege that after they received their discharge, the Defendant continued to report a discharged debt on their

credit report as still owing.  On September 26, 2006, the Plaintiffs filed this Adversary Proceeding alleging violations of discharge injunction.

## II.  LAW

The Defendant's Motion to Dismiss is governed by the provisions of Rule 7012, FED. R. BANKR. P., which makes applicable here the provisions of Rule 12(b)(6), FED. R. CIV. P.  It is well established that "a motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  It is also well established that a Bankruptcy Court may award both injunctive relief and damages for a willful violation of a discharge injunction.  Hardy v. U.S. (In re Hardy), 97 F.3d 1384, 1388-89 (11th Cir. 1996); see also, Shortsleeve v. Centurytel of Ala., LLC. (In re Shortsleeve), 349 B.R. 297, 301 (Bankr. M.D. Ala. 2006).

The Plaintiffs allege that the Defendant violated the discharge injunction of 11 U.S.C. § 524(a)(2) by continuing to report their discharged debt as still owing.  The Defendant counters that merely reporting an account post-discharge, without more, is not violation of the discharge injunction.  The Defendant asserts that § 524(a)(2) requires an overt "act" to collect a debt, and that it has made no attempts, either directly or indirectly, to collect this discharged debt.

This Court denied a similar motion to dismiss in Norman Applied Card Sys., Inc. (In re Norman), Adv. Pro. No. 06-1133, 2006 WL 2818814 (Bankr. M.D. Ala. Sept. 29, 2006). Likewise, in that case, the debtors filed an adversary proceeding against their creditor for violation of the discharge injunction.  The debtors claimed that the creditor

continued to report a discharged debt on their credit report as "charged off account." Id. at *1. The creditor filed a motion to dismiss, making similar arguments to the arguments made here. This Court denied the creditor's motion to dismiss, holding that:

> The discharge injunction is not limited to those actions which directly touch the debtor. Statements made to third parties with the intent to harm the reputation or standing of a debtor may indeed be more harmful than statements made directly to a debtor. The Court is mindful of the posture in which this case presently sits. When considering a motion to dismiss, the Court must accept as true the facts as alleged in the complaint. . . . Given the facts as alleged in the complaint, the Court finds that the Bank, as the moving party, cannot show that the Plaintiff cannot prevail under any set of facts. For this reason, the motion to dismiss is DENIED.

Id.

## II.  CONCLUSION

Based on this Court's prior decision in Norman, the Defendant's Motion to Dismiss is DENIED.

Done this the 12th day of January, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge